## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MEE H. JUNG,<br><br>    Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC AND DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-QS8<br><br>    Defendants. | CIVIL ACTION NO. 1:16-cv-232 |

## **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

### I. INTRODUCTION

This is the second lawsuit borrower Mee H. Jung ("Borrower") has filed in this Court to challenge foreclosure initiated by Deutsche Bank National Trust Company as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2006-QS8 ("DBNTC"). In the first case, *Mee H Jung v. Deutsche Bank*, C.A. No. 14-124M, it appears that the matter was removed from the Special Master's docket because the loan at issue was post-foreclosure and Borrower thereafter voluntarily dismissed the case. The Borrower has returned to court to challenge foreclosure again, the allegations have not changed, but Borrower presents new challenges to DBNTC's foreclosure, all of which fail as a matter of law. In particular, Borrower has not alleged facts sufficient to challenge Ocwen Loan Servicing, LLC's ("Ocwen") authority to foreclose or otherwise act on behalf of DBNTC, Borrower has confused and misrepresented title to allege a void assignment of mortgage, and Borrower has

misinterpreted Rhode Island law to claim that proof of receipt of notice of default from a lender is required under a power of sale foreclosure.

In further support of this motion, the Defendants submit the following:

## II. STATEMENT OF ALLEGATIONS[1]

Borrower acquired property located at 397-399 Hope Street, Providence, Rhode Island (the "Property") in January of 2005. (Complaint, Doc. No. 1-2, ¶ 7.) On May 1, 2006, Borrower obtained a $484,000 loan from National City Mortgage, a division of National City Bank of Indiana ("National City") for which repayment was secured by a mortgage on the Property (the "Mortgage"). (*Id.* at ¶ 9; Mortgage, *Exhibit A*.) Borrower complains and confuses a series of assignments, all of which ultimately transferred the mortgage interest to Deutsche Bank as Trustee. (*Id.* at ¶¶ 10-15.) To clarify the transfer of Borrower's Mortgage that apparently causes this confusion, record title demonstrates the following:

On November 13, 2006, two assignments of the Mortgage were recorded in the Property's chain of title. The first recorded assignment was from National City Mortgage Co. a subsidiary of National City Bank of Indiana to Mortgage Electronic Registration Systems, Inc. ("MERS") and was recorded at Book 08391, Page 349 in the City of Providence Land Evidence Records. ("First Assignment," *Exhibit B*.) The second recorded assignment was from National City Mortgage Co., a Division of National City Bank of Indiana to National City Mortgage Co., a Subsidiary of National City Bank of Indiana and was recorded at Book 08392, Page 1 in the City of Providence Land Evidence Records. ("Second Assignment," *Exhibit C*.) The face of both assignments demonstrates that the Second Assignment actually should have been recorded first and the First Assignment recorded second. (*See* Ex. B, which has typed on it "Please Record

---

[1] Although Defendants accept the factual allegations of Plaintiff's complaint as true for purposes of this motion to dismiss, Defendants reserve the right to and deny Plaintiff's allegations and challenge to foreclosure.

2nd" and Ex. C, which has typed on it "Please Record 1st".) On July 15, 2013, MERS recorded an assignment of the Mortgage to DBNTC at Book 10634, Page 310 in the City of Providence Land Evidence Records. ("Third Assignment," *Exhibit D*.)

On September 27, 2013, three separate assignments were recorded in the Property's chain of title to correct the error in the November 13, 2006 recordings. First, the originating lender, National City Mortgage, a division of National City Bank of Indiana assigned the Mortgage to National City Mortgage, a Subsidiary of National City Bank of Indiana in an assignment recorded at Book 10704, Page 118 in the City of Providence Land Evidence Records. (Complaint, Doc. No. 1-2, ¶ 11; "Fourth Assignment," *Exhibit E*.) Second, National City Mortgage, a Subsidiary of National City Bank of Indiana assigned the Mortgage to MERS in an assignment recorded at Book 10704, page 120 in the City of Providence Land Evidence Records. (Complaint at ¶ 12; "Fifth Assignment," *Exhibit F*) Third, MERS assigned the Mortgage to DBNTC in an assignment recorded at Book 10704, Page 122 in the City of Providence Land Evidence Records. (Complaint at ¶10; "Sixth Assignment," *Exhibit G*.)

Having attempted to review title, Borrower claims void assignments based upon allegations that there was no power of attorney giving MERS the authority to assign the mortgage as nominee or otherwise, that because MERS was assigned the mortgage and does not hold promissory notes, the assignment separated note from the mortgage, and because Borrower believes MERS lacked specific authority from PNC Bank, National City Bank, or National City Mortgage to assign the Mortgage to DBNTC. (Complaint, Doc. No. 1-2, ¶¶ 13-16.) Borrower further alleges, on information and belief, that Ocwen did not have specific authority from DBNTC to "instruct" local counsel, (Harmon Law Offices, P.C. ("Harmon")), to foreclose on the Mortgage. (*Id.* at ¶ 17.)

Borrower further alleges that she did not receive, and "Lender" did not give, notice of default and the right to cure in accordance with Paragraph 22 of the Mortgage. (*Id.* at ¶20.) Contrary to this allegation, PNC Mortgage delivered a June 10, 2013 letter to Borrower, which noticed default, the amount to cure, a deadline to cure, that the loan will be accelerated and foreclosed absent reinstatement, and that the Borrower has the right to bring court action to assert the non-existence of default or any other defense to acceleration and foreclosure. (June 10, 2013 Letter, *Exhibit H*.) PNC Mortgage also provided notice of available counseling services in compliance with Rhode Island law. (*Exhibit I*.) Particular to the foreclosure, Harmon sent a notice of foreclosure sale on or about January 13, 2014, which stated that the holder of the Mortgage instructed Harmon to foreclose, and Borrower alleges that Harmon was not instructed by DBNTC but instead by Ocwen. (Complaint, Doc. No. 1-2, ¶ 18; Harmon Notice, *Exhibit J*.) Lastly, after a March 7, 2014 foreclosure sale, and foreclosure deed conveying title to DBNTC recorded on April 6, 2015, Borrower alleges that Ocwen did not have power of attorney to execute the transaction. (*Id.* at ¶¶ 19, 22-23.)

Borrower asserts four separate counts against the defendants as a result of the allegations discussed above. First, Borrower seeks to void the assignment of mortgage to DBNTC and foreclosure deed by claiming no power of attorney in accordance with R.I. Gen. Laws § 34-11-34. (Complaint, Doc. No. 1-2, ¶¶ 27-29.) Second, Borrower claims breach of contract on grounds that the acceleration letter did not provide notice in accordance with the Mortgage. (*Id.* at ¶¶ 30-35.) Third, Borrower asserts a stand-alone claim against Ocwen seeking unspecified damages based upon allegations that Ocwen did not have authority to foreclose. (*Id.* at ¶¶ 36-40.) Fourth, Borrower seeks to quiet title in her favor under R.I. Gen. Laws § 34-16-5. Borrower has failed to plead facts sufficient to pursue these or any other causes action, has instead relied upon

4

conclusory assertions and speculation, and attempts to void a foreclosure on challenge to MERS and a servicer's right to act on behalf of a mortgagee, which this Court, the First Circuit Court of Appeals and the Rhode Island Supreme Court uniformly reject.

### III.  STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to "raise a right to relief above the speculative level." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This Court need not accept all allegations in the complaint as true so that threadbare recitals of a cause of action's elements supported by conclusory statements do not suffice. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937; *see also Clark v. Mortg. Elec. Regis. Sys., Inc.*, 7 F.Supp.3d 169, 174 (D.R.I. 2014). Moreover, when deciding a motion to dismiss, the Court is not limited to the four corners of the complaint and, instead, may also consider documents that are incorporated by reference in the complaint and matters susceptible to judicial notice. *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998); *Jorge v. Rumsfeld*, 404 F.3d 556, 559 (1st Cir. 2005).

### IV.  LEGAL ARGUMENT

A. <u>Borrower's Complaint Relies upon Speculation and Conclusory Assertions, which Should not Survive review under Rules 8 and 12</u>.

Borrower seeks to void the March 7, 2014 foreclosure through allegations that are bald assertions and conjecture and which documents fairly incorporated reject, namely that no power of attorney was recorded prior to the foreclosure deed and that Ocwen did not have the requisite authority to foreclose on behalf of DBNTC or to instruct Harmon to foreclose. (Complaint, Doc. No. 5, ¶¶ 1, 17, 23, 36-40, 46, 47-49.) In *Clark v. Mortg. Elec. Regis. Systems, Inc.*, 7 F.Supp.3d 169, 181 (D.R.I. 2014), this Court addressed a challenge to foreclosure resulting from a singular

5

allegation that the mortgage has been satisfied in full and did not include any information or explanation for the claim. This Court rejected the claim on a Rule 12 motion finding that the borrower failed to meet the *Twombly* standard: "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Id.* (citing *Twombly v.* , 550 U.S. at 555, 127 S.Ct. 1955). Moreover, the First Circuit Court of Appeals, on review of bald assertions, has concluded that federal courts are permitted to consider not only a complaint but documents fairly incorporated within it on the axiom that "a writing is the best evidence of its contents." *In re Colonial Mortgage Bankers Corp.*, 324 F.2d 12, 15 (1st Cir. 2003).

Here, Borrower's assertion that Ocwen lacked the requisite authority to foreclose or instruct Harmon to foreclose on its behalf is sheer speculation. It is noteworthy that support for this claim is the allegation "[b]ased on information and belief, Defendant Ocwen Loan Servicing, LLC did not have specific authority…." (Complaint, Doc. No. 5, ¶ 16.) There is no information or explanation as to why Ocwen did not have authority unless of course this Court credits Borrower's ongoing speculation that no power of attorney was recorded. To discredit not only the Borrower's assertion that no power of attorney was recorded and to lay bare the speculation that forms the basis of Borrower's challenge, the Limited Power of Attorney authorizing Ocwen to foreclose on behalf of Trust is attached to this memorandum as *Exhibit K*. The Limited Power of Attorney was recorded in the City of Providence Land Evidence Records at Book 10707, page 248 on October 3, 2013. (Ex. K at p. 12.) Moreover, it is worth noting that both the recording date and execution date of this power of attorney preceded the foreclosure. Borrower's claim that Ocwen lacked authority to foreclose under power of attorney from DBNTC is sheer speculation, cannot and should not be credited and should be dismissed.

B.     Borrower's Claim of Void Assignments Misinterprets Title

Borrower's claim that MERS lacked authority to assign the Mortgage does not rely upon review of the Property's record title. In presenting this argument, Borrower alleges the following chain of assignments:

1. MERS as nominee for PNC Bank to DBNTC;
2. National City Mortgage, a Division of National City Bank of Indiana to National City Mortgage, a Subsidiary of National City Bank of Indiana;
3. National City Mortgage, a Subsidiary of National Bank of Indiana to MERS;
4. MERS to DBNTC;

The error in this analysis is that Borrower ignores the corrective order of assignments through which the loan originator, National City Mortgage, a division of National City Bank of Indiana assigned to National City Mortgage, a Subsidiary of National City Bank of Indiana, then National City Mortgage, a Subsidiary of National City Bank of Indiana assigned to MERS, and MERS assigned to DBNTC. A review of the record chain of title, as discussed in the statement of allegations submitted above, demonstrates that Borrower has not accurately recounted the chain of assignments or accounted for the initial error in recording of assignments. Moreover, review of record title demonstrates a proper chain of assignments from originator to DBNTC, that MERS had received authority to assign, and that any challenge to the assignments of mortgage fails as a matter of law.

C.     Borrower has no Legal Basis to Challenge MERS's Authority to Assign.

Borrower appears to mount a challenge to MERS's authority to assign a mortgage under Rhode Island law, which fails as a matter of law. Rhode Island law empowers both a mortgagee and its assigns to invoke the statutory power of sale. *Bucci v. Lehman Bros.*, 68 A.3d 1069, 1087-88 (R.I. 2013); *see also Mruk v. Mortg. Elec. Regis. Systems, Inc.*, 82 A.3d 527, 537 (R.I.

2013). Rhode Island General Laws Section 34-11-22 permits a "mortgagee or his, her or its…successors or assigns" to sell the premises granted to it in a mortgage if "default shall be made in the [mortgage's] performance[.]" The MERS framework poses no barrier to Fannie Mae's exercise of the statutory power of sale. Indeed, "MERS, acting in a nominee capacity for the owners of the note, can be a 'mortgagee' as that term is used in § 34-11-22" and is therefore able foreclose pursuant to the statutory power of sale. *Bucci,* 68 A.3d at 1084. As a matter of law, MERS mortgages grant MERS and its assigns the statutory power of sale. *See Ingram*, 94 A.3d 523, 528-29 (R.I. July 2, 2014); *see also Mruk*, 82 A.3d at 538.

Here, Borrower complains that MERS lacks authority to assign. (Complaint, Doc. No. 5, ¶ 16.) This Court and the Rhode Island Supreme Court have both rejected this claim as a matter of law. This Court should do the same in this action and dismiss any effort Borrower makes to challenge MERS's authority to assign the Mortgage.

      B.    <u>Rhode Island Law does not Require Lender to Issue Notices in Pursuit of Foreclosure</u>.

Borrower claims that DBNTC did not strictly comply with the terms of the mortgage agreement while initiating a power of sale foreclosure. (Complaint, Doc. No. 5, ¶¶ 30-35.) First, Borrower has no basis under Rhode Island law to demand strict compliance; strict compliance exists as an interpretation of the Massachusetts power of sale statute by Massachusetts courts. *See Pinti v. Emigrant Mortgage Company, Inc.*, 472 Mass. 226, 33 N.E.3d 1213 (2015). By contrast, Rhode Island's statutory power of sale foreclosure does not expressly require compliance with the mortgage's power of sale provision. R.I. Gen. Laws § 34-11-22 (1956). Instead, to sell a property at foreclosure auction, Rhode Island's power of sale statute requires the mortgagee, its executors, administrators, successors and assigns to send written notice of the time and place of the foreclosure sale by certified mail, return receipt requested, to the mortgagor and

to publish that notice for three successive weeks in the newspaper. *Id.* Moreover, our Rhode Island Supreme Court has rejected borrower's claim that only a lender may invoke the power of sale. *Breggia v. Mortg. Elec. Regis. Sys., Inc.*, 102 A.3d 696, 641 (R.I. 2015); *Ingram v. Mortg. Elec. Regis. Sys., Inc.*, 94 A.3d 523, 529 (R.I. 2014). In *Ingram*, 94 A.3d at 529, Justice Goldberg, writing for the court, concluded that the borrowers misconceived Rhode Island law to claim that only the original lender, or a lender holding both the note and mortgage, may invoke the power of sale, while affirming the validity of a foreclosure where the mortgagee's servicer, acting under power of attorney, mailed notice of sale and advertised the foreclosure. In *Breggia*, 102 A.3d at 641, Justice Indeglia opined that the Rhode Island Supreme Court has "clearly rejected" borrowers' argument that only the lender may notice and advertise foreclosure in the *Mruk*, 82 A.3d at 537-58, and *Bucci*, 68 A.3d at 1085-89, decisions. Borrower has no basis under Rhode Island law to demand receipt of notice of default from her "Lender."

     Borrower claims that she never received notice in compliance with the Mortgage, but only proof of delivery is necessary under Rhode Island law. In *Pigeon v. Mortg. Elec. Regis. Systems, Inc.*, No. PC 2011-2872, 2013 WL 486874, at *3 (R.I. Super. Feb. 5, 2013) (Rubine, J.), the Superior Court concluded that where a mortgage document provides that notice of default must be sent via first class mail, then the mortgagee has complied with this requirement as soon as it provides a receipt proving that it placed the notice in the mail, even if the mail comes back unopened. Justice Rubine found that plaintiffs received constructive notice of their default despite that they did not personally receive the notices, because the terms of the mortgage provided that "notice to [Plaintiffs] in connection with this [Mortgage] shall be deemed to have been given to [Plaintiffs] when mailed by first class mail." *Id.* Here, Borrower alleges that she did never received and the lender never gave notice of acceleration in accordance with paragraph

9

22 of the Mortgage. (Complaint, Doc. No. 5, ¶ 20.) Borrower has no basis to assert a violation of the Mortgage or challenge foreclosure on the grounds that she did not receive notice of default.

Even if Borrower were to allege that no notice of default was delivered, such an allegation would be conclusory and speculative. On June 10, 2013, PNC Mortgage delivered to Borrower a Notice of Default. (PNC Mortgage Letters, *Exhibit H* and *I*.) This letter provided all information and notices required by the Borrower's mortgage and under Rhode Island law: (a) the letter included the total amount due to reinstate the mortgage loan; (b) the letter identified the date by which the borrower must reinstate to avoid acceleration and foreclosure; (c) the letter informed Borrower that the loan would be accelerated and foreclosed absent reinstatement by the identified date and that she had the right to challenge default and foreclosure through court action; and (d) that mortgage counselling was available. (*Id.*) Moreover, on December 30, 2014, Harmon on behalf of the DBNTC wrote to Borrower concerning the default, provided Borrower with the amount to reinstate. (Harmon Notice, *Exhibit J*.) These correspondences demonstrate without question that notice of default and right to cure was delivered in accordance with Paragraph 22, and this Court should dismiss Borrower's breach of contract claim.

## V. CONCLUSION

For the reasons stated above, defendants Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass Through Certificate Series 2006-QS8 request dismissal of this action with prejudice.

        Respectfully submitted,

        OCWEN LOAN SERVICING, LLC AND DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-QS8

        By: Their Attorneys

        /s/ *Samuel C. Bodurtha*
        Samuel C. Bodurtha, Bar No. 7075
        Matthew R. Shechtman, Bar No. 8397
        HINSHAW & CULBERTSON LLP
        28 State Street
        24th Floor
        Boston, MA 02109
        617-213-7000
        617-213-7001  (facsimile)
        Email: sbodurtha@hinshawlaw.com
               mshechtman@hinshawlaw.com

Dated:   July 29, 2016

## CERTIFICATE OF SERVICE

    I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on July 29, 2016.

        */s/ Samuel C. Bodurtha*
        Samuel C. Bodurtha

34628801v1 0986435